

FILED
DEC 16 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY               DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>v.<br>KEVIN AARON LATHUM,<br>　　　　　Defendant. | Case No.: 17cr2861(3)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT, 18 U.S.C. § 3582(c)(1)(A)**<br><br>[ECF No. 126] |

　　　Before the Court is Kevin Aaron Lathum's motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, the motion is denied.

**I.　BACKGROUND**

　　　Lathum seeks compassionate release based on the threat of COVID-19, his weight (which is undocumented but he describes as obese), and his undocumented history of asthma. In 2018, Lathum was sentenced to 78 months for conspiracy to distribute cocaine on a number of occasions in violation of 21 U.S.C. §841 and §846. At the time of his arrest an unloaded 9mm pistol was found in his backpack and four boxes of 9mm ammunition were found at his residence.

　　　Lathum asserts that his circumstances are extraordinary and compelling and that

the remainder of his sentence should be spent in home confinement. Lathum has served approximately 47 months of his 78-month sentence.

## II.    LEGAL STANDARD

Generally, a "court may not modify a term of imprisonment once it has been imposed." 28 U.S.C. § 3582(c); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). However, one exception is a case where a motion for compassionate release is filed by a federal inmate. *Keller*, 2 F.4th at 1281.[1] When reviewing such a motion, courts may consider the factors set forth in 18 U.S.C. § 3553(a)[2] to the extent they are applicable once it finds that "extraordinary and compelling reasons" exist.

In the future, a motion for compassionate release under § 3582(c)(1)(A) will require consideration of policy statements issued by the Sentencing Commission for motions brought by defendants. However, today, the Commission's policy statements apply only to motions brought by the Bureau of Prisons. *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) ("There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."). As a result, courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* In other words, a court is vested with the discretion to determine whether extraordinary and compelling reasons exist beyond those specifically delineated in U.S.S.G. §§ 1B1.13, which is the policy statement applicable to the Bureau of Prisons. *See, e.g., United*

---

[1] The inmate must first exhaust the administrative remedy by asking the warden to move for compassionate relief. 28 U.S.C. § 3582(c)(1)(A). At least 30 days from the receipt of such a request by the warden of the defendant's facility must pass before an inmate may file his or her own motion. *Id.*

[2] These factors include (1) the "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the "need for the sentence imposed"; (3) the "kinds of sentences available"; (4) the "kinds of sentences and the sentencing range established"; (5) "pertinent policy statements"; (6) the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) the "need to provide restitution to any victims of the offense."

*States v. Parker*, 461 F. Supp. 3d 966, 978 (C.D. Cal. 2020) (holding that "the scenarios for compassionate release, reflected in the Sentencing Commission's policy statement codified in U.S.S.G. § 1B1.13, no longer limit the circumstances under which a defendant may seek compassionate release pursuant to Section 3582(c)").

## IV.  DISCUSSION

A motion to reduce a sentence or for compassionate release under the First Step Act, § 3582, entails three primary inquiries: "first, whether Defendant has satisfied the administrative exhaustion requirement, [] second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction," and third, the § 3553(a) factors. *United States v. Galaz*, 477 F. Supp. 3d 1134, 1137 (S.D. Cal. 2020); *see also Keller*, 2 F.4th at 1282-84. As discussed above, the Court finds that after undertaking these inquiries, the results weigh against granting Lathum's motion.

He has exhausted his administrative remedies. But his circumstances do not yet present extraordinary and compelling reasons. His age and medical conditions are not extraordinary. Vaccines, natural immunities, and more successful medical treatments have had an overall effect of ameliorating some of the risks of contracting COVID-19. Lathum has received two doses of the COVID-19 vaccine. United States Oppo., at 6. Even if his medical condition qualified as extraordinary and compelling, the third consideration (*i.e.*, the § 3553(a) factors) would weigh against compassionate release. Modifying his sentence to home confinement after only 47 months of imprisonment would not promote respect for the law and would not act as a deterrent.

## ORDER

For the reasons set forth above, IT IS ORDERED that the motion be denied.

**IT IS SO ORDERED.**

DATED:  December 5, 2021

HON. ROGER T. BENITEZ
United States District Judge